**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | NO. 3:19-CR-090-S |
| v. | |
| HARRINSON CORREDOR (02)<br>a/k/a MONO | |

## FACTUAL RESUME

In support of Harrinson Corredor's plea of guilty to the offense in Count One of the Superseding Indictment, the defendant, Harrinson Corredor; the defendant's attorney, William Hermesmeyer; and the United States of America (the government) stipulate and agree to the following:

## ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count One of the Superseding Indictment, charging a violation of 18 U.S.C. § 1956(a)(1)(A)(i) and (h), that is, conspiracy to launder monetary instruments, the government must prove each of the following elements beyond a reasonable doubt:

> First: that the defendant and at least one other person made an agreement to commit the crime of money laundering (promotion), in violation of 18 U.S.C. § 1956(a)(1)(A)(i);
>
> Second: that the defendant knew of the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose.[1]

---

[1] Based on Fifth Circuit Pattern Jury Instruction (Crim.) 2.15A (2015). *See United States v. Guillermo Balleza*, 613 F.3d 432, 433 n.1 (5th Cir. 2010); *Whitfield v. United States*, 543 U.S. 209 (2005); *United States v. Fuchs*, 467 F.3d 889, 906 (5th Cir. 2006) (citing *United States v. Meshack*, 225 F.3d 556, 573–74 (5th Cir.2000)).

Factual Resume—Page 1

The government must also prove beyond a reasonable doubt the object of the conspiracy, to wit, laundering of monetary instruments, in violation of 18 U.S.C. § 1956(a)(1)(A)(i). The elements of that offense are:

> First: That the defendant knowingly conducted or attempted to conduct a financial transaction;
>
> Second: That the financial transaction or attempted financial transaction involved the proceeds of a specified unlawful activity, namely interference with commerce by robbery, in violation of 18 U.S.C. §§ 1951(a) and 2;
>
> Third: That the defendant knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity; and
>
> Fourth: That the defendant intended to promote the carrying on of the specified unlawful activity.[2]

## STIPULATED FACTS:

Beginning on or about June 6, 2016, and continuing through in or around July of 2016, the exact date being unknown, in the Dallas Division of the Northern District of Texas (NDTX) and elsewhere, the defendant, Harrinson Corredor, did knowingly combine, conspire, and agree with Elkin Acosta Lopez, Co-Conspirator 1, and other persons to commit an offense against the United States in violation of 18 U.S.C. § 1956, to wit: to knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is, interference with commerce by robbery, in violation of 18 U.S.C.

---

[2] Based on Fifth Circuit Pattern Jury Instruction (Crim.) 2.76A (2015).

**Factual Resume—Page 2**

§§ 1951(a) and 2, with the intent to promote the carrying on of said specified unlawful activity, that is, interference with commerce by robbery, and that while conducting and attempting to conduct such financial transaction, knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity in violation of 18 U.S.C. § 1956(a)(1)(A)(i).

The defendant admits that he purchased stolen jewelry, gold, and diamonds, with Elkin Acosta Lopez and Co-Conspirator 1, from individuals engaged in specified unlawful activities, including robberies and burglaries. In one particular instance, as charged in Count One of the Superseding Indictment, the defendant helped broker the purchase of gold—while working in concert with Elkin Acosta Lopez—to assist in the laundering of the gold for a profit. Indeed, the defendant assisted in the transaction by helping broker the deal with the robbers, connecting Elkin Acosta Lopez to the robbers, helping melt down the gold in New York, and splitting the proceeds of the sale with Elkin Acosta Lopez and Co-Conspirator 1. Additionally, defendant handed over an envelope filled with cash to one of the robber's agents outside of a sporting goods store in New York. Defendant knew that when he handed over the envelope filled with cash, he was engaging and assisting in laundering stolen gold and jewelry.

The defendant admits that he helped coconspirators launder stolen jewels, diamonds, and jewelry on at least two other occasions. Indeed, in February of 2015, the defendant helped launder approximately $757,418.72 related to a Dallas, Texas, Hobbs Act robbery. More specifically, the defendant and Elkin Acosta Lopez travelled to

Dallas, Texas, to purchase the stolen jewelry from the robbers. Both Elkin Acosta Lopez and the defendant withdrew cash from ATM machines to make the requisite down-payment to the robbers in exchange for the stolen jewelry. The defendant further admits that in May of 2016 he assisted in the purchase of several stolen Rolex watches traceable to a robbery, which caused a loss of $1,080,100. The defendant met with one of the robbers in Queens, New York, and during the meeting, handed over a bag of cash to one of the robbers in exchange for the Rolex watches. Defendant was acting at the direction of Co-Conspirator 1 to launder the stolen Rolex watches.

[Remainder of page left blank]

The defendant admits that he caused a total monetary loss—related to this international money laundering conspiracy with Elkin Acosta Lopez, the robbers, and Co-Conspirator 1—of more than $1.5 million but less than $3.5 million. Defendant further admits that on all there occasions—February of 2015, May of 2016, and June of 2016—he knew at the time he laundered the stolen jewelry, diamonds, and jewels that the items represented of some form of unlawful activity in violation of 18 U.S.C. § 1956(a)(1)(A)(i).

AGREED TO AND SIGNED this 23rd day of September, 2019.

_____
HARRINSON CORREDOR
Defendant

WILLIAM HERMESMEYER
Attorney for Defendant

ERIN NEALY COX
UNITED STATES ATTORNEY

_____
RYAN RAYBOULD
Assistant United States Attorney
Kansas State Bar No. 25429
1100 Commerce Street, 3rd Floor
Dallas, Texas  75242-1699
Telephone:  214-659-8713
Facsimile: 214-659-8805
E-mail: ryan.raybould2@usdoj.gov